IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

ORLANDO NIGHTCLUB
ENTERPRISES, INC. d/b/a
ROXY NIGHTCLUB

    Plaintiff,

v.

Case No.:

JAMES RIVER INSURANCE
COMPANY,

    Defendant.
_____/

## COMPLAINT

Plaintiff ORLANDO NIGHTCLUB ENTERPRISES, INC., by and through the undersigned counsel sues defendant JAMES RIVER INSURANCE COMPANY and alleges:

1. This is an action for breach of contract and for declaratory relief under §86.021, Fla. Stat., and for damages in excess of $15,000 exclusive of costs and fees. Jurisdiction is proper in the Complex Business Litigation Court under Administrative Order 2003-17-3 because the dispute involves potentially in excess of $75,000 in damages payable under a commercial liability insurance policy, and because claims at issue involve principles of trademark law and unfair competition and related insurance coverage for these torts.

2. Plaintiff Orlando Nightclub Enterprises, Inc., is a Florida corporation maintaining its principal place of business in Orange County, FL.

3. Defendant James River Insurance Company (JRIC), is a foreign corporation and property and casualty insurer maintaining its principal place of business in Virginia.

4. James River Insurance Company has at all times material has operated either as an admitted or approved surplus lines carrier in this state, and which did intend to and did insure risks located in this county including the Plaintiff's business under policies delivered to the insured in Orange County, has regularly and continuously transacted insurance business in this state, appointed agents, or has otherwise engaged in conduct sufficient to subject the carrier to jurisdiction in this state and venue.

5. Venue is proper in Orange County.

6. Defendant JRIC issued to policies of insurance to Plaintiff as an insured thereunder, to wit, policy numbers 00075341 and 00075342, the latter being a renewal policy. Copies of the policies are attached as Exhibits A and B to this complaint. There is a actual, present, bona fide dispute between the parties over the meaning and interpretation of the insurance policy language including the duty to defend and indemnify Plaintiff under the policies, said dispute being sufficient to warrant the exercise of declaratory relief.

2

7. Plaintiff and related persons were previously sued for trademark infringement and unfair competition as more particularly alleged in the pleadings as they appear in the United States District Court for the Middle District of Florida, in an action styled *Red Bull North America, Inc and Red Bull GMBH Limited Liability Company, plaintiffs v. Orlando Nightclub Enterprises, Inc., et al.*, Case No. 6:07-cv-176-ORL-28 DAB. A copy of the complaint filed in the *Red Bull* litigation is attached as Exhibit C.

8. Defendant timely tendered the defense of the underlying litigation to Defendant seeking a defense and indemnity under the liability coverage sections of the insurance policies.

9. The allegations in the underlying litigation include claims that fall within the advertising injury sections of the policies.

10. In the *Red Bull* litigation there are allegations of "advertising" by the Defendant (the Plaintiff herein) including advertising on the website and other means sufficient to trigger the Advertising Injury coverage provisions in Coverage Part B of the policies.

11. There are allegations in the underlying complaint of wrongful conduct and damages accruing to the Plaintiff based on conduct of the Defendant which were suffered by the Plaintiff Red Bull between December 15, 2004 and December 15, 2006 during which time the aforementioned policies were in force and effect.

3

12. Plaintiff tendered the defense to JRIC in a timely fashion but JRIC rejected the tender of the defense sought by Plaintiff in breach of Defendants duty to defend under the policy and JRIC has refused to defend or indemnify the Plaintiff. As a result of the breach Plaintiff has been forced to retain counsel on its own behalf and has and will continue to incur damages in the form of litigation expenses that are the obligation of the Defendant.

13. As a result of the breach of the policy terms by JRIC, Defendant has incurred damage and owing to the breach of the duty of indemnity under the policy, Plaintiff is at risk of suffering an adverse judgment for damages and injunctive relief that might otherwise be avoided if the carrier were to honor its obligations under the insurance policies.

14. Defendant has been placed on notice of its breach and has refused to cure same. All conditions precedent to suit have occurred or been waived.

15. As a result of the breach of the insurance contract, Plaintiff has been damaged and the damages are continuing in nature.

16. The Plaintiff has retained the undersigned counsel and has obligated itself to pay counsel a reasonable attorney's fee.

17. Upon a determination that benefits are owed, Plaintiff as a named insured is within the class of persons who may recovery attorney's fees from the carrier pursuant to 627.428, Fla. Stat.

4

Wherefore, Plaintiff seeks a judgment against James River Insurance Company for money damages, attorney's fees, costs, interest and for a temporary and then permanent injunction upon finding a breach of the policy terms and for an order providing that:

a) Plaintiff is owed a legal defense for the claims asserted in the underlying *Red Bull* litigation,

b) Defendant JRIC has violated its obligations under the Claims Administration Statute, and shall pay on an ongoing basis a reasonable attorney's fee for counsel retained by Plaintiff in the underlying litigation,

c) Defendant shall pay for all litigation expenses within the ambit of the defense obligation under the policy going forward until by operation of law the defense obligation shall cease, and

d) Defendant shall reimburse the Plaintiff for all fees incurred in the defense of this action from date of tender, and any other legal or equitable relief this court deems just.

5

Dated this 30th day of May, 2007

/s/ signature

David W. Henry
Fla. Bar No. 0765082
Email: dhenry@addmg.com
Jeffrey S. Boyles
Florida Bar No. 722308
Email: jboyles@addmg.com
**ALLEN, DYER, DOPPELT,
MILBRATH & GILCHRIST, P.A.**
255 South Orange Avenue
Suite 1401
Orlando, Florida 32801
Telephone: 407-841-2330
Facsimile: 407-841-2343

Attorneys for Plaintiff, Orlando
Nightclub Enterprises, Inc. d/b/a
ROXY Nightclub